PAUL v. BENZIE CIRCUIT JUDGE.

CRIMINAL LAW—MANDAMUS—FORMER JEOPARDY.

Mandamus will not issue to compel a circuit judge to vacate an order discharging a respondent accused of violating the local-option law, where it appeared that respondent stood mute, a plea of not guilty was entered, a jury selected and sworn, and the testimony for the people had been partly introduced, after which respondent was discharged on the ground that prohibition was not duly adopted in Benzie county; since he had been placed in jeopardy for the offense with which he was charged.

Mandamus by Marion G. Paul, prosecuting attorney of Benzie county, to compel Fred S. Lamb, circuit judge, to set aside an order discharging respondent in a criminal case, and to proceed with his trial. Submitted October 17, 1910. (Calendar No. 24,268.) Writ denied December 7, 1910.

*M. G. Paul*, in pro. per.

*D. G. F. Warner*, for respondent.

BROOKE, J. This is an application for a writ of mandamus commanding respondent to vacate an order made by him in a certain criminal case then pending in the circuit court for the county of Benzie; said case being entitled the *People* v. *Chandler Rowe*. It appears that Rowe was on trial, charged with the offense of unlawfully selling intoxicating liquor in Benzie county; it being claimed by the prosecution that such sale was prohibited by virtue of an election held, and a resolution passed by the board of supervisors, in the spring of 1909. After the prosecution had offered in evidence the record of the proceedings of the board of supervisors touching the adoption of prohibition in said county, counsel for Rowe moved that he be discharged. This motion was granted, and respondent was discharged.

It is the contention of relator that by a writ of mandamus the respondent should be ordered to set aside and vacate his order of discharge, and proceed with the trial. We are of the opinion that this cannot be done. Rowe was upon trial under a plea of "not guilty." After a jury was sworn and the testimony of the people introduced, his discharge was ordered by the court. He cannot again be placed in jeopardy.

The writ is denied.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.